O. E. SEAWELL AND J. D. McIVER v. KATE S. McIVER, EXECUTRIX OF D. E. McIVER, DECEASED, AND S. P. HATCH.

(Filed 12 May, 1920.)

1. **Trusts—Deeds and Conveyances—Principal and Agent—Trustee—Compensation—Assignment—Debtor and Creditor.**

   A deed in trust made by a solvent grantor conveying, while sick, all of his property to a trustee for its control and management, with the express power, upon demand, of revocation and reconveyance, with reasonable compensation to the trustee to be ascertained in a specified manner, will be construed to arrive at the intent of the parties, as gathered from the instrument itself, the circumstances surrounding its execution, and *Held*, to be the creation of an agency with compensation to the trustee for the duties he is thereunder required to perform, and not a deed in trust generally for the benefit of creditors.

2. **Trusts—Deeds and Conveyances—Principal and Agent—Assignments—Fraud—Judgment—Execution.**

   Where a deed in trust creates a mere agency for the management of the trustor's estate, the estate of the principal or trustor is not protected from execution under a judgment of a creditor, and the objection that it was in fraud of the rights of creditors is untenable.

3. **Same—Assets—Accountability.**

   Where a trustee is appointed under an instrument creating him a mere agent for the trustor in the management of his estate, and later and under a separate instrument for the general benefit of creditors, the same trustee

is appointed, the trustee, or his estate in the hands of his administrator, is entitled to a credit for the moneys, etc., he has paid to his principal under the terms of the first instrument, and accountable to creditors under the terms of the second one, for all property, etc., that has come into his hands as trustee, and his successor in the trust for the conduct of the estate while under his management.

**4. Trusts—Deeds and Conveyances—Principal and Agent—Assignments— Bills and Notes—Endorsers—Judgments—Liens—Credits—Execution.**

A deed created the trustee a mere agent for the trustor, and he was appointed a trustee in a later deed for the general benefit of creditors, and fraud, in the present action, was alleged in the execution of the former deed: *Held,* there being no fraud, as alleged, a bank, made a party defendant, is entitled to recover against the sureties on the note of the maker of the deeds in trust, acquired in due course, subject to whatever credits may be payable thereon in distribution of the assets among the general creditors; and that the lien of the judgment continues, subject to the right of the defendant bank, in the future to apply for leave to issue execution should the same then be deemed by it to have become necessary, but otherwise to be stayed until the termination of the action.

**5. Appeal and Error—Costs.**

When the appeal is reversed by the Supreme Court, with direction for the restatement of an account between the parties, the appellee will be taxed with the cost thereof.

CIVIL ACTION, tried before *Connor, J.,* at the November Term, 1919, of LEE.

With this action were consolidated certain cases against the same defendants in which the Moffitt Iron Works Company, Indian Refining Company, Maryland Rubber Company, Sanford Grocery Company, J. F. Hollingsworth, and American Sawmill Machinery Company are plaintiffs.

The proceeding was brought in the Superior Court of Lee County, and was heard at different times by Judges Stacy and Connor. The cause was referred to a referee who heard the same and made his report, together with his findings of fact and law. Many exceptions are filed and passed upon by the Superior Court. From the findings and judgment of the Superior Court both parties appealed to the Supreme Court.

*R. L. Burns and Hoyle & Hoyle for plaintiffs.*

*Williams & Williams and J. S. Manning for defendant Kate S. Mc-Iver, Executrix.*

*Seawell & Milliken for defendant J. R. Jones.*

*Teague & Teague and Robert W. Winston for Banking and Trust Company.*

BROWN, J. This is an action originally brought by the plaintiffs, O. E. Seawell and J. D. McIver, against Kate S. McIver, executrix of

D. E. McIver, trustee of W. H. Burnett and J. R. Jones, substituted trustee for an accounting under certain alleged deeds of trust claimed to have been made for the benefit of creditors of W. H. Burnett. The two plaintiffs aforesaid were endorsers on certain notes set out in the pleadings executed by W. H. Burnett to them and endorsed by them to the aforesaid banks. These endorsers bring this action for the purpose of having the assets in the hands of the defendant, and with which they may be chargeable, accounted for and applied to the payment of these notes. It appears to be admitted that on 22 August, 1910, W. H. Burnett executed a paper-writing conveying all his property to D. E. McIver, which it is claimed by the plaintiffs constituted a valid deed of assignment for the benefit of creditors, and that the executor of D. E. McIver is accountable to them for all of said property received by her intestate and not paid over to creditors. It appears that McIver turned over to Burnett the larger part of the said property, and that he has accounted to creditors for none of it received by him under the deed of 22 August, 1910.

It is admitted that on 8 April, 1912, Burnett was insolvent, owing sums of money to various parties, and that Burnett executed a valid deed of assignment for the benefit of creditors which was duly registered. It is admitted that McIver, as trustee, operated under this deed of 1912 until his death on 5 September, 1913. On 24 September, 1913, he was succeeded by defendant, J. R. Jones.

Under the rulings of the Superior Court all of the property of the said Burnett received by McIver under the deed of 22 August, 1910, has been charged against his estate. This includes a number of items which it is unnecessary to set out as the accounts must be stated again. The construction placed by this Court upon the deed of 22 August, 1910, will settle most of the questions presented on both appeals. It is contended by the plaintiffs that it is a conveyance to McIver in trust of all of Burnett's property, and which the trustee was obliged to hold primarily for the benefit of creditors. The defendant, Mrs. McIver, contends that said deed is nothing more than the creation of a mere agency; that Burnett was in bad health at the time of its execution, and executed it for the sole purpose of having his estate managed during his illness.

Upon a careful examination of the instrument, we are of the opinion that it was not an assignment for the benefit of creditors, but created simply an agency to manage the estate and property of Burnett, and to pay his current debts and obligations from time to time, and generally to manage the estate during his illness. According to its specific terms, the instrument was revocable by the maker thereof at any time, which is inconsistent with a deed of assignment for the benefit of creditors. The deed contains the following provision, which, in our opinion, renders it entirely inconsistent with a deed in trust for the benefit of creditors:

"And the said D. E. McIver, trustee, hereby agrees and binds himself, his heirs and executors and administrators to reconvey the above described property of the proceeds thereof, or so much thereof as may be in his hands to the said W. H. Burnett, upon his request, after reserving his reasonable compensation for services rendered, by virtue of and under this deed of trust; and the said D. E. McIver, trustee, shall receive for compensation for services rendered pursuant to and by virtue of this deed of trust such reasonable sum as may be agreed upon between the said W. H. Burnett, or his personal representatives; and if the said parties are unable to agree upon the amount of the said compensation, the same shall be referred to the clerk of the Superior Court of Lee County, whose decision as to said amount shall be final and binding upon the parties."

The authorities are uniform to the effect that "There must be an absolute transfer of title to the assignee without any right of redemption. In other words, there must be a surrender of all right and control, and an absolute appropriation by the debtor of the property to raise a fund to pay his debts. The mere transmission of custody and management is not sufficient." Corpus Juris, vol. 3, p. 1051, and note 54.

There is nothing in the deed showing an intent to make "an absolute appropriation by the debtor of the property to raise a fund to pay his debts." Nor is there anything in it from which it can even be inferred Burnett "surrendered all right and control" over the property. On the contrary, it specifically provides the trustee shall reconvey the property or proceeds to Burnett upon request: a control and authority superior to that of the trustee, to be exercised on demand by Burnett.

It is admitted that at the time Burnett executed the said instrument he was solvent. It was not made for the benefit of creditors, and there is nothing in it which would prevent a creditor from taking judgment and levying execution upon the property in the hands of McIver, as much so as if the instrument has never been executed. It cannot be supposed for a moment that it was contemplated that a solvent debtor could make an assignment for the benefit of creditors, reserve the right to revoke the instrument at any time, and at the same time withdraw his property and shield it from the levy of an execution. *Ames v. Sabin,* 107 Fed. Rep., 582; 5 Corpus Juris, 1051; *Farwell v. Cohen,* 138 Ill., 216; *Holmberg v. Dean,* 21 Kan., 73.

The contention of the plaintiff that if the instrument is not a deed of assignment for the benefit of creditors it was fraudulent and void, is without force, inasmuch as the property is not protected by the instrument from the levy of creditors, and it is admitted that when it was made, the maker was solvent.

We think that the intent of the parties, as gathered from the instrument itself, the circumstances surrounding its execution, etc., in the

recitals of the premises, the nature of authority conferred on the trustee, power of revocation by maker and purpose stated therein, show conclusively it was an agency contract for D. E. McIver, trustee, to act for Burnett, and "generally to manage the estate and property of the said Burnett so as to conserve the same so long as this deed of trust shall remain in force and effect."

It follows from this view of the instrument that all the items with which the executrix, Mrs. McIver, has been charged for property turned over to Burnett by her testator under the instrument of 1910, and all other items of debit and credit growing out of transactions under that instrument, should be eliminated.

We are of opinion that the rulings of the judge refusing to allow commissions to McIver under the deed of 1910 are based upon the idea that it was a deed of trust for the benefit of creditors, and are consequently erroneous. It being a contract of agency, McIver is entitled to a reasonable sum for his services as agent, and if that cannot be determined now in the manner prescribed by the instrument, it may be fixed by the referee and the court. The ruling of his Honor was evidently based upon the idea that McIver was derelict in turning the property back into the hands of Burnett, which we have held it was McIver's duty to do whenever Burnett demanded it. The deed of 1912 was a valid assignment for the benefit of creditors, and under it the estate of McIver is accountable for all the property recovered by him and his successor, Jones, is accountable for the conduct of the estate while it was under his management, and for what property he received. The Court is of opinion that Jones should be allowed certain expenses incurred by him in operating under the deed of 1912, and that he is not chargeable with the $3,000, Farrell notes.

The Court is of opinion that under all the circumstances the Superior Court properly awarded judgment in favor of the defendant Bank and Trust Company against the endorsers upon the notes, who are parties to this action. In this respect we find no error in the judgment.

The judgment of the Superior Court is reversed except so far as stated in this opinion. The cause is remanded to the Superior Court to have the account restated in accordance with this opinion. The costs of this Court will be taxed against the plaintiffs.

Reversed and remanded.

The execution upon the judgments rendered in favor of the Bank and Trust Company against the plaintiffs will be stayed until this litigation is ended, and it is ascertained what amount the said judgments shall be credited with. The stay of execution will not affect the lien of said judgments nor the right of the said defendants to apply for leave to issue execution in case it may be deemed necessary.